**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1746
_____

MARCO COSMAI,
                              Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A208-796-884)
Immigration Judge: John B. Carle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
November 17, 2022

Before: HARDIMAN, PORTER, and MCKEE, <u>Circuit Judges</u>

(Opinion filed January 10, 2023)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Marco Cosmai petitions for review of an order issued by the Board of Immigration Appeals (BIA) dismissing his appeal. We will deny the petition.

Cosmai, a citizen of Italy, entered the United States in 2001 pursuant to the Visa Waiver Program (VWP) and remained here long after the program's allotted time expired. In 2016, he applied for asylum and withholding of removal under the Immigration and Naturalization Act (INA) and the Convention Against Torture (CAT). Thereafter, the Department of Homeland Security issued a "Notice of Referral to Immigration Judge" to Cosmai as a VWP violator. See A.R. 141 (Form I-863 Notice dated October 5, 2017).[1]

Cosmai, represented by counsel, was afforded the opportunity to submit evidence and to be heard by an Immigration Judge (IJ), but the IJ denied all relief. The IJ deemed Cosmai to be ineligible for asylum because he filed his application more than one year after he entered the United States without demonstrating changed or extraordinary circumstances to excuse the lateness. IJ Dec. at 2. As for withholding of removal under the INA, the IJ found that Cosmai had not proposed any particular social group and concluded that Cosmai's generalized fear of crime did not constitute a sufficient basis for a well-founded fear of persecution or clear probability of future persecution. Id. at 2-3. Further, the IJ ruled that it was not more likely than not that Cosmai would be tortured by or with the acquiescence of Italian authorities, and relief under the CAT was therefore not

---

[1] Pursuant to 8 C.F.R. § 208.2(c), a VWP violator may only seek asylum-based relief.

warranted. Id. at 3-4. By single member, the BIA dismissed Cosmai's appeal. BIA Dec. at 2. It concurred in the IJ's analysis on all issues and, in response to petitioner's character evidence and concerns about COVID-19, noted that neither the IJ nor the BIA had discretion to grant relief on equitable or humanitarian grounds. Id. Cosmai, now proceeding pro se, filed a timely petition for review.

We have jurisdiction over the petition pursuant to 8 U.S.C. § 1252(a). We exercise de novo review of constitutional issues and questions of law, see Mudric v. Att'y Gen., 469 F.3d 94, 97 (3d Cir. 2006), and review the agency's factual findings for substantial evidence, see Nasrallah v. Barr, 140 S. Ct. 1683, 1692 (2020).

On appeal, Cosmai does not challenge the agency's application of law or its factual findings. Petitioner's Br. at 4-5. In fact, he concedes that the agency's rulings are just, because he has not been "exposed to events that could have put [him at] an extreme risk, [or] jeopardize [his] life to such a degree of danger during [his] stay in Italy." Id. at 6. He nevertheless explains that, before moving to the United States, he lived in a border town that harbored violence and drug activity. Id. at 2. He states, apparently for the first time in his immigration proceedings, that he experienced situations where persons "who, for no plausible reason, tried to harm [him] and that could have resulted in being seriously harmed by knife injuries," even though he admitted through counsel during a hearing before the IJ that he had never been harmed while living in Italy. Id. at 2; A.R. at 72-73.

We cannot consider issues or facts raised for the first time in this Court. See 8 U.S.C. § 1252(d)(1); Abdulrahman v. Ashcroft, 330 F.3d 587, 594-95 (3d Cir. 2003). But even if Cosmai had raised them before now, these allegations would not provide a basis for withholding of removal under the INA, which has a more demanding standard than asylum.[2] See S.E.R.L. v. Att'y Gen., 894 F.3d 535, 544 (3d Cir. 2018) (acknowledging that the standard for withholding of removal is more difficult to meet than that for asylum); cf. Abdille v. Ashcroft, 242 F.3d 477, 494-95 (3d Cir. 2001) (explaining that "[m]ere generalized lawlessness and violence between diverse populations" is an insufficient basis for granting asylum). They also do not support a claim for relief under the CAT. See Myrie v. Att'y Gen., 855 F.3d 509, 515-16 (3d Cir. 2017) (requiring petitioner to show that he more likely than not would suffer torture initiated or acquiesced to by public officials).

Cosmai also asks the Court to consider the full circumstances of his life in the United States, which include maintaining strong community ties, driving a school bus during the pandemic, paying taxes, following a strong religious faith, and avoiding problems with the law. See Pet. Br. at 6. While Cosmai's contributions to his community may be commended, they are unfortunately not part of the calculus to assess

_____

[2] Generally speaking, we lack jurisdiction to review the agency's ruling that a petitioner's asylum application is time-barred and that he did not show changed circumstances materially affecting his eligibility for asylum. See 8 U.S.C. § 1158(a)(3); Tarrawally v. Ashcroft, 338 F.3d 180, 185-86 (3d Cir. 2003). There is an exception when the petitioner raises a constitutional or question of law, but that is not the case here. See § 1252(a)(2)(D); Sukwanputra v. Gonzales, 434 F.3d 627, 634 (3d Cir. 2006).

asylum-based relief.  To the extent that the agency considered that evidence, we agree that the agency lacked the authority to act in these "asylum only" proceedings.

For the foregoing reasons, we will deny the petition.